# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIGNATURE INVESTMENTS II LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLUE CROSS AND BLUE SHIELD OF ) <br> ILLINOIS, a division of HEALTH CARE ) <br> SERVICE CORPORATION, a Mutual Legal ) <br> Reserve Corporation, and an independent ) <br> Licensee of Blue Cross and Blue Shield ) <br> Association, an Illinois Corporation, ) <br> ) <br> Defendant. ) <br> ) | Case No. 25-cv-15470 |

## NOTICE OF REMOVAL

Defendant Health Care Service Corporation ("HCSC") hereby removes Case No. 2025L015344, *SIGNATURE INVESTMENTS II LLC V. BLUE CROSS AND BLUE SHIELD OF ILLINOIS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE CORPORATION, AND AN INDEPENDENT LICENSEE OF BLUE CROSS AND BLUE SHIELD ASSOCIATION, AN ILLINOIS CORPORATION*, from the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal of action is proper because there is complete diversity between Plaintiff Signature Investments II LLC ("Signature") and Defendant HCSC, HCSC has not been properly joined and served in the aforementioned action, and the amount in controversy exceeds $75,000. In support of this Notice of Removal, HCSC states as follows:

## BACKGROUND

1. On December 15, 2025, Signature filed its Complaint (the "Complaint") against HCSC in the Circuit Court of Cook County, Illinois, entitled *Signature Investment II LLC v. Blue Cross and Blue Shield of Illinois, a Division of Health Care Service Corporation, a Mutual Legal Reserve Corporation, and an Independent Licensee of Blue Cross and Blue Shield Association, an Illinois Corporation* (the "State Action"). A true and correct copy of the Complaint is attached hereto as **Ex. A.**

2. As of the time of filing of this Notice of Removal, HCSC has not been served with the process in the state Action. Declaration of Raynald Revolus attached hereto as **Ex. B**. Because HCSC has not been properly joined and served as a defendant in the State Action, removal is appropriate. *See, e.g., Great W. Cas. Co. v. CR Express, Inc.*, No. 23-cv-16942, 2024 U.S. Dist. LEXIS 128552, at *6 (N.D. Ill. July 22, 2024)(collecting cases).

3. In the Complaint, Signature alleges that HCSC was obligated to make certain payments to Insight Chicago, Inc. pursuant to a Provider Agreement between those parties. **Ex. A**, ¶ 29. It further alleges that Insight Chicago and Signature entered into an Agreement for the Purchase and Sale of Future Receipts, pursuant to which Insight Chicago granted a security interest in the payment obligations owed by HCSC, and further has the statutory right to enforce those obligations directly against HCSC under Utah law. *Id.*, ¶¶ 32-33.

4. The Complaint asserts two causes of actions: (1) Breach of Contract Failure to Make Payment After Notice; and (2) Account Stated. **Ex. A**, ¶¶ 29-42.

5. As discussed below, there is complete diversity between Signature and HCSC. *See* 28 U.S.C. § 1441.

6. As discussed in more detail below, Signature seeks an amount in controversy in excess of the sum or value of $75,000, exclusive of interest and costs, as required for removal pursuant to 28 U.S.C. § 1332.

7. HCSC will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which this State Action is currently pending, as required by 28 U.S.C. § 1446(d).

8. Contemporaneously with HCSC's filing of this Notice of Removal, HCSC will serve written notice to Signature's counsel of this filing, as is required by 28 U.S.C. § 1446(d).

9. HCSC bases this removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## VENUE

10. Venue is met in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the State Action is pending.

11. This Notice of Removal is properly filed in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1446(a), because the Circuit Court of Cook County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

12. This Court possesses original jurisdiction over the State Action pursuant to 28 U.S.C. § 1332, and removal is thus proper under 28 U.S.C. §§1441(b) and 1446. Under 28

U.S.C. § 1332, federal courts have original federal jurisdiction if (a) there is complete diversity between Signature and HCSC; and (b) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(b).

### A. Complete Diversity of Citizenship Exists

13. Removal is proper because there is complete diversity of citizenship between the proper parties to this lawsuit. *See Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1448 (7th Cir. 1990) ("The relevant citizenship for diversity purposes is the citizenship of the parties at the time the federal suit was filed.") No party on Signature's side of the suit shares citizenship with any party on the HCSC's side. *See Page v. Democratic Nat'l Comm.,* 2 F.4th 630, 636 (7th Cir. 2021) ("[A] federal court must satisfy itself that no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side.") (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."))

#### 1. Signature is a Citizen of the State of Florida.

14. The citizenship of a limited liability company ("LLC"), like Signature, is determined by examining the citizenship of each owner/member of the company, such that it is a citizen of every state in which its owners/members are citizens. *Muscarello v. Ogle County Board of Commissioners*, 610 F.3d 416, 424 (7th Cir. 2010).

15. In this case, the Complaint alleges that "Signature is a Utah Domestic Limited Liability Company that was formed on or about January 23, 2024." **Ex. A**, ¶ 1.

16. Based on publicly available information regarding Signature's status and ownership, Signature was incorporated in the State of Utah on January 24, 2024, and reinstated on August 29, 2025. *See* Declaration of Jason P. Stiehl ("Stiehl Decl.") attached hereto as **Ex. C**, ¶ 9; **Ex. D**. Pursuant to filings with the Utah Secretary of State, Signature's sole manager is ACH Capital UT LLC ("ACH"), a Utah based domestic limited liability company. *Id.,* ¶ 10; **Ex. E**. ACH was organized in the State of Utah on February 19, 2020. *Id.*, ¶ 11; **Ex. F**. Based upon ACH's public filings with the Utah Secretary of State, ACH's sole manager is Eprodigy Financial LLC. *Id.* ¶ 12; **Ex. G**.

17. The sole manager of Eprodigy Financial LLC is a Delaware corporation incorporated on December 13, 2014, with its principal place of business in New York. *Id.* ¶ 13; **Ex. H**. Based upon public filings with the Securities and Exchange Commission, the Chief Executive Officer and majority owner of Eprodigy Financial LLC is David Rubin, formerly known as David Rubinov. *Id.* ¶ 14; **Ex. I**. Upon information and belief, Mr. Rubin is a resident and citizen of the State of Florida. *Id.* ¶ 15; **Ex. J.** In its filings and representations in corporate filings with the SEC, and the Delaware and Utah Secretary of State offices, Signature represents that it is a citizen of Utah, Delaware, New York, and Florida. *Id.* Accordingly, for purposes of diversity jurisdiction, Signature is a citizen of the state of Florida.

**HCSC is a citizen of Illinois**.

18. For purposes of federal diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

19. In this case, HCSC is a citizen of the State of Illinois for diversity purposes.

20. Signature concedes in its complaint that "Health Care Service Corporation is a Mutual-Legal-Reserve Company that is licensed by the Illinois Department of Insurance to sell Life, Accident and Health policies in the State of Illinois. Defendant HCSC is listed on the Illinois Department of Insurance website as having both an administrative mailing address and a corporate home of 300 E. Randolph St., Chicago, IL 60601." *See* **Ex. A**, ¶ 2; *accord, e.g.*, *New Mexico Top Organics-Ultra Health, Inc. v. Blue Cross and Blue Shield of New Mexico*, No. 1:22-cv-00546-MV-LF, 2024 U.S. Dist. LEXIS 13655, at *38 (D.N.M. Jan. 24, 2024) (HCSC "is a citizen of Illinois"); *Mings v. Health Care Serv. Corp.*, No. CIV-23-0297, 2023 U.S. Dist. LEXIS 238082, at *3 (W.D. Okla. July 26, 2023) (same); *Shattuck Pharm. Mgmt., P.C. v. Prime Therapeutics, LLC*, No. CIV-21-0221-F, 2021 U.S. Dist. LEXIS 120949, at *8-10 (W.D. Okla. June 29, 2021) (same).

21. Because Signature is a citizen of Utah, Delaware, New York, and Florida, and HCSC is citizen of Illinois, there is complete diversity between the parties.

   B. **The Amount in Controversy Exceeds $75,000.**

22. Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6

23. Here, without admitting the truthfulness of the allegations in Signature's Complaint or the validity of Signature's causes of action (all of which are expressly denied by HCSC), the amount in controversy is in excess of $75,000, exclusive of interest and costs.

24. In its Complaint, Signature seeks damages in the amount of $12,303,057.70. **Ex. A, ¶¶ 36, 42.**

25. Because HCSC is a citizen of Illinois and Signature is a citizen of New York and because Signature seeks over $75,000 in damages, complete diversity exists between the parties, and the Court may exercise diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

## REMOVAL PROCEDURES

26. HSCS has fully complied with all the procedural requirements for removal set forth in 28 U.S.C. § 1446.

27. In accordance with 28 U.S.C. § 1446(a), HCSC has attached to this Notice of Removal a copy of all process, pleadings, and orders from the State Court Action and a separate copy of the operative Complaint. *See* Copies of All State Action Pleadings, true and correct copies of which are attached hereto as **Exhibit K.**

28. In accordance with 28 U.S.C. § 1446(d), HCSC will provide this Notice of Removal to Signature, through its counsel of record in the State Action, Thomas Yardley and Chrstine R. Walsh, Buchalter P.C., 180 N. LaSalle Street, Chicago, Illinois 60601, and will promptly file a copy of this Notice of Removal in the Circuit Court of Cook County, Illinois, before which the State Action was pending. 28 U.S.C. § 1446(d).

29. HCSC is contemporaneously filing a Civil Cover Sheet and Notification as to Affiliates, pursuant to Rule 7.1 of the Federal Rule of Civil Procedure and Local Rule 3.2.

## **RESERVATION OF RIGHT TO AMEND NOTICE**

30. HCSC reserves the right to amend this Petition, including to provide additional supporting evidence and/or bases for this Court's jurisdiction.

## **CONCLUSION**

WHEREFORE, HCSC hereby gives notice that this action is removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern District, and requests that this Court exercise jurisdiction over this action and grant any relief it deems just and proper.

Dated: December 19, 2025                                          Respectfully submitted,

By: /s/ *Jason P. Stiehl*
Jason P. Stiehl
Martin J. Bishop
**CROWELL & MORING LLP**
300 N. LaSalle St., Ste. 2500
Chicago, Illinois 60601
jstiehl@crowell.com
mbishop@crowell.com
T: 312.321.4200

*Attorneys for Defendant*
*Health Care Service Corporation*

**CERTIFICATE OF SERVICE**

I herby certify that on December 19, 2025, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the ECF System, which will send notice to all counsel of record in this lawsuit. I hereby certified that I served a true and correct copy of the foregoing via electronic mail to the following counsel of record.

Thomas P. Yardley
Christine R. Walsh
Buchalter P.C.
180 N. LaSalle Street
Chicago, Illinois 60601
(312) 456-0184
tyardley@buchalter.com
cwalsh@buchalter.com
docket@buchalter.com

/s/ *Jason P. Stiehl*
Jason P. Stiehl