# **EXHIBIT A**

Law Division Motion Section Initial Case Management Dates for CALENDARS (X,B,C,D,E,F,H,R,X,Z) will be heard in Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: No hearing information was found.

FILED
12/15/2025 3:14 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L015344
Calendar, U
35785372

FILED DATE: 12/15/2025 3:14 PM   2025L015344

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| SIGNATURE INVESTMENTS II LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 2025L015344 |
| ) | |
| BLUE CROSS AND BLUE SHIELD OF ) | |
| ILLINOIS, a division of HEALTH ) | |
| CARE SERVICE CORPORATION, a ) | |
| Mutual Legal Reserve Corporation, ) | |
| and an independent Licensee of Blue Cross ) | |
| and Blue Shield Association, an Illinois ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

## COMPLAINT AT LAW

Signature Investments II LLC ("Signature"), by and through its counsel, Thomas P. Yardley and Christine R. Walsh of Buchalter PC, hereby file the instant Complaint at Law against Defendant Blue Cross and Blue Shield of Illinois, a Division of Health Care Services Corporation, a mutual Legal Reserve Corporation and an independent licensee of Blue Cross and Blue Shield Association, an Illinois Corporation (hereafter "HCSC") and in support of the Complaint at Law states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**
**The Parties**

1.  Plaintiff Signature is a Utah Domestic Limited Liability Company that was formed on or about January 23, 2024.

2.  Defendant HCSC is a Mutual Legal Reserve Corporation that is licensed by the Illinois Department of Insurance to sell Life, Accident and Health policies in the State of Illinois. Defendant HCSC is listed on the Illinois Department of Insurance website as having both an

1

administrative mailing address and a corporate home address of 300 E. Randolph Street, Chicago, Illinois 60601.

## Jurisdiction and Venue

3. Signature asserts that this Court has jurisdiction based upon the fact that HCSC is an Illinois Corporation that entered into certain Health Care Service Corporation Provider Agreements in Illinois, the proceeds of which were assigned to Signature, as outlined below. Thus, HCSC engaged in business in Illinois pursuant to 735 ILCS § 5/2-209 (a)(1) and (7), and/or (b)(3).

4. Venue is proper in Cook County Illinois because HCSC negotiated the terms and conditions of the Health Care Service Corporation Provider Agreements out of its offices located at 300 E. Randolph Street, Chicago, Illinois. HCSC also received and responded to a Notice of Assignment from Signature from its office located in Illinois.

## The Insight Chicago/HCSC Agreements

5. Upon information and belief, Insight Management and Consulting Inc. ("Insight Management"), provides accounting and staffing services to: (1) IINN, Inc. ("IINN"), a Michigan corporation that is commonly known as Insight Institute of Neurosurgery and Neuroscience; (2) Insight Mobility LLC, ("Insight Mobility"), a Michigan limited liability company and (3) Insight Chicago, Inc., ("Insight Chicago"), an Illinois not for profit corporation that owns and operates Insight Hospital and Medical Center formerly known as Mercy Hospital and Medical Center.

6. On or about September 22, 2021, HCSC and Insight Chicago entered into a Provider Agreement ("September 2021 Provider Agreement"), whereby Insight Chicago agreed to provide professional services to HCSC and HCSC was required to remit payment to Insight Chicago as provided by the terms of the September 2021 Provider Agreement. A copy of the September 2021 Provider Agreement is attached hereto as **Exhibit A**.

2

107000062

7. Similarly, on or about November 15, 2021, HCSC and Insight Chicago entered into a Provider Agreement ("November 2021 Provider Agreement"), whereby Insight Chicago agreed to provide professional services to HCSC and HCSC was required to remit payment to Insight Chicago as provided by the terms of the November 2021 Provider Agreement. A copy of the November 2021 Provider Agreement is attached hereto as **Exhibit B**. The September 2021 and the November 2021 Provider Agreements will be collectively referred to herein as the "Provider Agreements."

8. Upon information and belief, HCSC entered into multiple Provider Agreements with Insight Chicago, under which Insight Chicago provided professional services to HCSC, and HCSC was required to remit payment to Insight Chicago as provided by the terms of those Agreements.

### The Obligation

9. Signature provides working capital financing to small to mid-size businesses throughout the United States.

10. On April 9, 2024, Signature and Insight Management entered into an Agreement for the Purchase and Sale of Future Receipts (the "Agreement for the Purchase and Sale of Future Receipts"). A copy of the Agreement for the Purchase and Sale of Future Receipts is attached hereto as **Exhibit C**.

11. Under the Agreement for the Purchase and Sale of Future Receipts, Signature agreed to purchase certain present and future Accounts (as defined in the Uniform Commercial Code) owed to Insight Management totaling $3,278,000.00 (the "Purchased Amount"). *Id.*

3

107000062

12. Also, in §14.1 of the Agreement for the Purchase and Sale of Future Receipts, Insight Management granted Signature a security interest in Insight Management's Accounts. See Exhibit C, §14.1.

13. The Agreement for the Purchase and Sale of Future Receipts included an "Addendum" which provides that the Seller, or obligor, under the agreement is defined to include:

- Insight Management;
- IINN;
- Insight Mobility; and
- Insight Chicago

(See Exhibit C).

14. Further, on or about April 4, 2024, Insight Chicago executed a documented entitled Corporate Guaranty of Performance (the "Agreement for the Purchase and Sale of Future Receipts Guaranty"), whereby Insight Chicago guaranteed the obligations of Insight Management under the terms of the Agreement for the Purchase and Sale of Future Receipts. A copy of the Agreement for the Purchase and Sale of Future Receipts Guaranty is attached as pages 11-13 of Exhibit C.

15. As a result of the above, Signature was granted a security interest in the accounts of both Insight Management and Insight Chicago.

16. At the same time, and also on April 9, 2024, Signature entered into a separate agreement entitled Standard Merchant Cash Advance Agreement (the "Cash Advance Agreement") with Insight Mobility. A copy of the Cash Advance Agreement is attached hereto as **Exhibit D**.

107000062

17. Under the Case Advance Agreement, Signature agreed to purchase certain present and future Accounts (as defined in the Uniform Commercial Code) owed to Insight Mobility totaling $15,139,594.00 (the "Receivables Purchased Amount"). *Id.*

18. Also, in §29 of the Cash Advance Agreement, Insight Mobility granted Signature a security interest in Insight Mobility's present and future Accounts. See Exhibit E, §29.

19. Further, on or about April 9, 2024, Insight Chicago executed a Guarantee, whereby Insight Chicago guaranteed the obligations of Insight Mobility under the terms of the Cash Advance Agreement (the "Cash Advance Agreement Guarantee"). A copy of the Cash Advance Agreement Guarantee is attached hereto as pages 13-16 of Exhibit D.

20. As a result of the above, Signature was granted a security interest in the accounts of both Insight Mobility and Insight Chicago.

21. Further, by execution of both Guaranties, Insight Chicago guaranteed the obligations of Insight Management and of Insight Mobility. *See* Exhibits D and F.

### Notice of Assignment

22. By letters dated September 27, 2024, Signature notified Eliana Roldan a representative of HCSC that Signature entered into an agreement dated April 9, 2024, whereby Signature received a certain percentage of future receivables ("September 2024 Notice of Assignment"). (See copy of September 27, 2024 Notice of Assignment attached hereto as **Exhibit E**). The September 2024 Notice of Assignment further notified HCSC:

> Merchant is in default under the terms of the Merchant Agreement. The balance currently due and owing to SI pursuant to the Agreement is $15,512,158.70. The terms of the Merchant Agreement grant SI full authority to take any action or execute any instrument or document and to settle all obligations due to SI, including collecting money and directing third parties to make payment to SI in satisfaction of the amounts owed under the Merchant Agreement. Notwithstanding any prior instructions to BCBS OF ILLINOIS COMPANY unless and until BCBS OF ILLINOIS COMPANY receives written instructions from SI to the contrary in

5

accordance with the terms hereof, effective immediately, BCBS OF ILLINOIS COMPANY is hereby irrevocably authorized and directed by SI to hold in reserve all funds that would otherwise be paid to Merchant, as and when payment thereof is required by the Provider Agreement, until the amount of $15,512,158.70 accrues, whereupon same should be forwarded to my client, in order to mitigate the risk to both SI and BCBS OF ILLINOIS COMPANY as the UCC-1 clearly puts all parties on notice of SI's rights to Merchant's assets as a secured party.

…In order to avoid paying twice, please make payment to SI, since payment to Merchant will not discharge the obligation to make payment to SI pursuant to this notice. Please confirm, in writing, your agreement to hold all amounts in trust as provided in this letter.

*Id.*

23. The September 2024 Notices of Assignment attached the Cash Advance Agreement, the Cash Advance Agreement Guarantee, as well as the UCC Financing Statements that list Insight Management, Insight Mobility, IINN, and Insight Chicago as debtors of Signature.

24. After receiving the September 2024 Notices of Assignment, HCSC was obligated to pay directly to Signature all amounts then due and owing, as well as any amounts that thereafter became due, for services provided by Insight Management, Insight Mobility, IINN, and/or Insight Chicago to HCSC.

25. Following receipt of the September 2024 Notices of Assignment, HCSC failed to discharge its obligation to make payments to Signature pursuant to Utah UCC § 9a-406.

26. Then by letters dated May 20, 2025, to Foran, Glennon of HCSC, Signature again notified HCSC that Signature entered into the Provider Agreement on April 9, 2024 and that Insight Chicago sold, assignment and transferred to Signature a percentage of its future receivables (the "May 2025 Notice"). A copy of the May 2025 Notice is attached hereto as **Exhibit F.**

27. Following receipt of the May 2025 Notice of Assignment, and other notices, HCSC failed to discharge its obligation to make payments to Signature pursuant to Utah UCC § 9a-406.

6

107000062

28. The unpaid amount due to Signature under the Agreement for the Purchase and Sale of Future Receipts Guaranty and the Cash Advance Agreement exceeds $12,000,000.00 as of October 7, 2025, plus interest.

## COUNT I – BREACH OF CONTRACT
## FAILURE TO MAKE PAYMENT AFTER NOTICE

1-28. Plaintiff repeats and re-alleges paragraphs 1-28 of the Allegations Common to All Counts as paragraphs 1-28 of this Count I.

29. Upon information and belief, HCSC entered into multiple Provider Agreements with Insight Chicago, pursuant to which Insight Chicago provided professional services for HCSC, and HCSC was obligated to make payments to Insight Chicago in accordance with the terms and conditions of those agreements.

30. Insight Chicago guaranteed payments under both the Agreement for the Purchase and Sale of Future Receipts and the Cash Advance Agreement, pursuant to financing terms in such agreements, and Signature received a security interest in Insight Chicago's Accounts.

31. On or after October 9, 2025, and continuing thereafter, Insight Chicago was and is in default of the terms and conditions of the Agreement for the Purchase and Sale of Future Receipts Guaranty and the Cash Advance Agreement Guarantee in that it failed to remit payments to Signature pursuant to the terms of the two guarantees.

32. Insight Chicago's obligation to Signature is secured by its Accounts, including accounts owing by HCSC.

33. Pursuant to Utah Code § 70A-9a-607(1)(a), after Insight Chicago's default, Signature has the statutory right to exercise the rights of Insight Chicago and to enforce the obligations of HCSC with respect to those obligations.

34. Under Utah Code § 70A-9a-406(a), upon HCSC's receipt of Signature's written

7

107000062

Notice of Assignment, HCSC could only discharge its payment obligations for services rendered by Insight Chicago by paying Signature.

35. HCSC breached its contract with Insight Chicago and its obligations by failing to remit payment for services rendered by Insight Chicago to Signature.

36. As a direct and proximate result, Signature has sustained damages in the principal amount of $ 12,303,057.70, as of October 7, 2025, together with contractual or statutory interest, costs, and reasonable attorney's fees where authorized by agreement or statute.

Wherefore, Plaintiff Signature Investments II LLC by and through its counsel hereby respectfully request that this Court enter Judgment in favor of Signature Investments II LLC and against Defendant Blue Cross and Blue Shield of Illinois, a division of Health Care Services Corporation, a Mutual Reserve Corporation and an independent licensee of Blue Cross and Blue Shield Association, an Illinois Corporation as follows:

(a) The principal sum of $12,303,057.70;

(b) Pre-judgment interest as allowed under Utah law;

(c) Cost of suit and, where applicable, reasonable attorney's fees and costs;

(d) Any and all other relief this Court deems appropriate under the circumstances.

## COUNT II – ACCOUNT STATED

1-28. Plaintiff repeats and re-alleges paragraphs 1-28 of the Allegations Common to All Counts as paragraphs 1-28 of this Count II.

37. Upon information and belief, HCSC entered into multiple Provider Agreements with Insight Chicago, pursuant to which Insight Chicago provided professional services for HCSC, and HCSC was obligated to make payments to Insight Chicago in accordance with the terms and conditions of those agreements.

8

107000062

38. Upon information and belief, pursuant to the parties' course of dealing, HCSC incurred a running account with Insight Chicago for the professional services rendered (the "Account").

39. Upon information and belief, Insight Chicago duly rendered services and submitted itemized statements to HCSC reflecting the balance due and owing on the Account.

40. HCSC accepted the benefit of the services provided by Insight Chicago without objection and, upon information and belief, made partial payments toward the Account, thereby acknowledging the validity of the indebtedness.

41. Despite due demand pursuant to the Notice of Assignment, HCSC has failed and refused to pay the outstanding balance due on the Account to Signature, which remains unpaid and owing.

42. As a direct and proximate result of HCSC's failure to pay, Signature has suffered damages in the principal amount of $12,303,057.70, as of October 7, 2025, plus contractual or statutory interest, costs, and any other relief the Court deems appropriate.

Wherefore, Plaintiff Signature Investments II LLC by and through its counsel hereby respectfully request that this Court enter Judgment in favor of Signature Investment II LLC and against Defendant Blue Cross and Blue Shield of Illinois, a division of Health Care Services Corporation, a Mutual Reserve Corporation and an independent licensee of Blue Cross and Blue Shield Association, an Illinois Corporation, as follows:

(a) The principal sum of $12,303,057.70;

(b) Pre-judgment interest as allowed under Utah law;

(c) Cost of suit and, where applicable, reasonable attorney's fees and costs;

(d) Any and all other relief this Court deems appropriate under the circumstances.

107000062

        Respectfully submitted,

        Signature Investments II LLC,

        By:    <u>/s/ *Thomas P. Yardley*</u>
                  One of their Attorneys

Thomas P. Yardley
Christine R. Walsh
Buchalter P.C.
180 N. LaSalle Street
Chicago, Illinois 60601
(312) 456-0184
Firm No.: 102128
tyardley@buchalter.com
cwalsh@buchalter.com
docket@buchalter.com

FILED DATE: 12/15/2025 3:14 PM  2025L015344

107000062