IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIGNATURE INVESTMENTS II LLC, <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS AND BLUE SHIELD OF ILLINOIS, a division of HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Corporation, and an independent Licensee of Blue Cross and Blue Shield Association, an Illinois Corporation, <br><br> Defendant. | Case No. 25-cv-15470 <br><br> Judge LaShonda A. Hunt <br><br> Magistrate Judge Jeannice W. Appenteng |

**DEFENDANT'S UNOPPOSED MOTION TO STAY PENDING ARBITRATION**

1. Defendant Health Care Service Corporation ("Defendant") respectfully moves this Court to stay this lawsuit pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. In support of this Motion, Defendant states as follows:

2. On December 15, 2025, Plaintiff filed a Complaint against Defendant in Cook County, Illinois. *See* ECF No. 1-1. Plaintiff alleges Defendant entered into two contracts with Insight Management and Consulting Inc. ("Insight Management") for professional services—one executed on September 22, 2021, and another on November 15, 2021. *Id.* at ¶¶ 5-7.

3. Plaintiff and Insight Management subsequently entered into an agreement (the "Agreement") granting Plaintiff a security interest in Insight Management's present and future accounts and assigning Insight Management's contractual rights to Plaintiff. *Id.* at ¶¶ 3, 12.

4. Plaintiff alleges that on September 27, 2024, it notified Defendant of the Agreement via a Notice of Assignment, and that Defendant thereafter failed to remit payments for services rendered by Insight Management. *Id.* at ¶¶ 22, 35.

5. On December 19, 2025, the matter was removed to federal court. *See* ECF No. 1.

6. Both contracts referenced in the complaint have explicit arbitration provisions *See* ECF Nos. 1-12 at 30-32, 1-13 at 9. Under 7th Circuit law, an assigned party stands in the shoes of the original party to the contract and is bound to the obligations and rights therein. *See In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 957-58 (7th Cir. 2003) ("An assignor can assign only what he has, and so, as the cases say, the assignee stands in the shoes of the assignor … Otherwise assignment would be a method of shucking off contractual obligations without the consent of the obligee.").

7. This principle extends to arbitration provisions. *See Brandt v. Wisconsin Mach. Tool Corp.*, 1998 WL 473473, at *2 (N.D. Ill. Aug. 7, 1998) (granting Defendant's motion to stay proceedings and holding arbitration provisions are "applicable for and against the assignee" just as they are "against the assignor.") (quoting 4 *Corbin on Contracts* § 892, at 587 (1951)); *see also GMAC Com. Credit LLC v. Springs Indus., Inc.,* 171 F. Supp. 2d 209, 216 (S.D.N.Y. 2001) (holding where an assignee "chooses to sue upon a contract with an arbitration clause, *arbitration is part of the contractual right the plaintiff factor exercises.* Plainly, an assignment cannot alter a contract's bargained-for remedial measures, for then the assignment would change the very nature of the rights assigned." (emphasis in original).

8. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, §3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478-479 (2024). As such, Defendant requests this Court stay the proceedings to allow the parties to proceed to arbitration.

9. The parties conferred in good faith regarding this matter, and they do not oppose. Defendant files this Unopposed Motion in good faith and not for the purpose of undue delay.

**WHEREFORE**, Defendant respectfully requests that this Court grant its Motion to Stay, stay this lawsuit pending arbitration, and grant any other relief the Court deems just and appropriate.

Dated: February 6, 2026

By: */s/ Jason P. Stiehl*
Jason P. Stiehl
Martin J Bishop
**CROWELL & MORING LLP**
300 N. LaSalle St., Ste. 2500
Chicago, Illinois 60601
jstiehl@crowell.com
mbishop@crowell.com
T: 312.321.4200

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on February 6, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will transmit copies to all attorneys of record.

*s/ Jason P. Stiehl*
*Attorney for Defendant*
